UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEVIN MORRIS,

        Plaintiff,

v.                                   Case No:   6:20-cv-1442-GKS-GJK

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

SCHEDULING ORDER

In accordance with Local Rule 6.01(c)(21), this action has been referred to the United States Magistrate Judge for appropriate proceedings. To facilitate the prompt disposition of this case by the Court, it is **ORDERED** that the stay is lifted and the parties are to prepare and file a single, Joint Memorandum in support of their respective positions in the format and by the dates set forth below:

On or before **Friday, April 16, 2021**, Plaintiff shall serve on the Commissioner, but not file, Plaintiff's portion of the Joint Memorandum in the format set forth below. Simultaneously with service of the memorandum, Plaintiff's counsel shall provide counsel for the Commissioner with an electronic version of Plaintiff's memorandum in either Word or WordPerfect format. On or before **Wednesday, May 26, 2021**, the Commissioner shall serve on Plaintiff the proposed Joint Memorandum, which includes the Commissioner's additions to

the Statement of Facts and the Commissioner's position with respect to the issues raised in Plaintiff's memorandum. On or before **Wednesday, June 9, 2021**, counsel for the parties shall confer in a good faith effort to resolve any disputed issues of jurisdiction, procedural history, standard of review, and statement of facts and revise the proposed Joint Memorandum to the extent they agree that revisions are necessary. Finally, on or before **Wednesday, June 23, 2021**, the parties shall file a single, Joint Memorandum signed by counsel for both parties. The Joint Memorandum may not exceed 40 pages in length except by leave of the Court.

The Joint Memorandum shall contain the following parts, with the headings and in the order set forth below:

**I.      Procedural History.**

A statement of the course of proceedings before the Social Security Administration and any previous proceedings in the federal courts, including citations to the page numbers of the transcript or the docket number of the court file at which each decision by the ALJ, the Appeals Council, or a federal court can be found.

**II.     Statement of Jurisdiction.**

A concise statement of the statutory or other basis of jurisdiction of this Court with citations to the appropriate authority, including whether the case arises under the Social Security, Old Age, Survivors and Disability Insurance program

("SDI"), 42 U.S.C. §§ 401, *et seq.*, the Supplemental Security Income for Aged, Blind and Disabled program ("SSI"), 42 U.S.C. §§ 1382, *et seq.*, or some other program.

## III.   Standard of Review.

The Court is familiar with the standard of review and the sequential evaluation process, so the parties should avoid boilerplate discussions of the governing legal standards. A short and plain statement of the standard of review as stated by the United States Supreme Court or the United States Court of Appeals for the Eleventh Circuit in controlling case law is sufficient.

## IV.   Statement of Facts.

Initially, Plaintiff shall set forth all facts on which Plaintiff will rely to support Plaintiff's position as to each disputed issue, supported by citations to the record at which the evidence establishing each fact can be found. It is helpful to the Court if the facts in the treatment records are stated chronologically, although it may be necessary in complicated records to state the facts under subheadings, such as *Physical Impairments* or *Mental Impairments*. The relevant medical history should be written in plain English and any medical terms should be defined.[1] It is also helpful to the Court if the professionals whose records or testimony are part

---

[1] Medical terms should be defined in the memorandum of law, if relevant, explaining how each term is used in the context of the medical records contained in the administrative record and with appropriate citations to supporting authority. The Court will not accept appendices or pages copied from dictionaries, medical treatises, or the Internet.

of the record relied upon by the parties are identified by their title or area of expertise, for example, M.D., chiropractor, or vocational expert.

After Plaintiff serves the Commissioner with Plaintiff's preliminary version of the Joint Memorandum, the Commissioner may then add to Plaintiff's statement of facts by including additional facts on which the Commissioner will rely to support the Commissioner's position. Any new facts must be inserted in the chronologically appropriate place in Plaintiff's statement of facts. If either party objects to a portion of the statement of facts, then counsel for the parties must confer in a good faith effort to resolve the objection. If the parties are not able to resolve any such objections, both sides may note their objections to the opposing party's statement of facts via footnotes to the same.

## V.     Statement of the Issues.

Plaintiff shall identify and frame, in a neutral fashion, each of the disputed issues that Plaintiff is raising as the grounds for reversal or remand. Each issue should be set forth in a separate subheading. The Commissioner will respond to each disputed issue in the subheading immediately following each issue number, as follows:

A.  *Issue No. 1 [Example: "Issue No. 1 – Whether the ALJ Properly Evaluated Plaintiff's Subjective Complaints of Pain."]*

1. **Plaintiff's Contentions Regarding Issue No. 1.**

Plaintiff shall concisely set forth Plaintiff's contentions supported by legal authority and by reference to facts in the Statement of Facts, including citations to the pages of the record where cited evidence is found, and complete citations to the relevant legal authority. Counsel are reminded that unpublished decisions of the Eleventh Circuit, decisions from other Circuit Courts of Appeal, and District Court decisions are not binding authority.

2. **The Commissioner's Contentions Regarding Issue No. 1.**

The Commissioner shall concisely set forth the Commissioner's contentions supported by legal authority and by reference to facts in the Statement of Facts, including citations to the pages of the record where cited evidence is found, and complete citations to relevant legal authority.

B.  *Issue No. 2, etc. [Repeat the foregoing format as needed.]*

VI.  **Relief Requested.**

A.  *Plaintiff's Statement of Relief Requested.*

B.  *The Commissioner's Statement of Relief Requested.*

Oral argument may be requested by separate motion. However, oral argument will only be held if necessary to better inform the Court as to the issues

presented and the appropriate relief in a particular case. **The Court will strictly enforce the requirements of this scheduling order**. **Absent truly exceptional circumstances, no extensions of time will be provided.**

    **DONE** and **ORDERED** in Orlando, Florida, on March 3, 2021.

              GREGORY J. KELLY
            UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record