UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEVIN MORRIS,

    Plaintiff,

v.                                        Case No.:  6:20-cv-1442-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## **OPINION AND ORDER**

Plaintiff Kevin Morris seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on January 20, 2019, alleging disability beginning August 13, 2018. (Tr. 60, 194-95). The applications were denied initially on April 2, 2019, and upon reconsideration on September 6, 2019. (Tr. 60, 75). Plaintiff requested a hearing and on April 13, 2020, a hearing was held before Administrative Law Judge ("ALJ") Julio Ocampo. (Tr. 29-59). On April 21, 2020, the ALJ entered a decision finding Plaintiff not disabled from August 13, 2018, through the date of the decision. (Tr. 15-24).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on June 12, 2020. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on August 11, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 19).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through March 31, 2021. (Tr. 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 13, 2018, the alleged onset date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: "dysfunction of

a major joint (right shoulder), disorder of the knee, obstructive sleep apnea, post-traumatic stress disorder (PTSD), anxiety disorder, and a depressive disorder." (Tr. 17). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 §§ C.F.R. 404.1520(d), 404.1525, and 404.1526). (Tr. 18).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except lifting, carrying, pushing and pulling 20 pounds occasionally and 10 pounds frequently. The claimant can sit for 6 hours in an 8-hour workday, and stand and walk for 4 hours in an 8-hour workday. The claimant has the residual functional capacity to perform less than full range of light work except occasionally reaching overhead to the right. For all other reaching he can reach frequently to the right. The claimant can climb ramps and stairs frequently, climb ladders, ropes, or scaffolds occasionally, balance frequently, stoop frequently, kneel frequently and crouch frequently. The claimant can work at unprotected heights occasionally, moving mechanical parts occasionally, in extreme cold occasionally, in extreme heat occasionally, in vibration occasionally and in moderate noise. The claimant can perform simple, routine and repetitive task but not at a production rate pace such as assembly line work. He is able to make simple work-related decisions. The claimant can occasionally interact with supervisors, co-workers and the general public.

(Tr. 19). At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a shipping and receiving clerk, and lubrication servicer. (Tr. 22).

At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (36 on the alleged onset date), education (at least high school), work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. 23-24). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1) inspector, batteries, DOT[1] 727.687-062, light, SVP 2

(2) laundry sorter, DOT 361.687-014, light, SVP 2

(3) folder, DOT 369.687-018, light, SVP 2.

(Tr. 23-24). The ALJ concluded that Plaintiff had not been under a disability from August 13, 2018, through the date of the decision. (Tr. 24).

## II.   Analysis

On appeal, Plaintiff raises a single issue: whether the ALJ properly evaluated Plaintiff's subjective complaints. (Doc. 21, p. 12). Plaintiff argues the ALJ did not offer legally sufficient justification for rejecting Plaintiff's testimony about his pain and his mental health limitations. (Doc. 21, p. 12).

A claimant may establish that he is disabled through his own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210). When evaluating a claimant's testimony, the ALJ should consider: "(1) the claimant's daily activities; (2) the 'duration, frequency, and intensity' of the claimant's symptoms; (3) '[p]recipitating and aggravating factors'; (4) the effectiveness and side effects of any medications; and (5) treatment or other measures taken by the claimant to alleviate symptoms." *Id.* (quoting 20 C.F.R. §§ 404.1529(c), 416.929(c)(3)). The ALJ must consider these factors given all of the evidence of record. *Id.* And if the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and backets omitted).

In the decision, the ALJ made the following findings as to Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 20).

Plaintiff argues that the ALJ erred in his finding that Plaintiff was able to work a wide range of jobs because he had not worked since his alleged onset date and the ALJ did not explain why the medical evidence was inconsistent with Plaintiff's statements. (Doc. 21, p. 18). The Commissioner contends that the objective medical evidence and examinations support the ALJ's findings. (Doc. 21, p. 20-22)

Immediately after finding Plaintiff's statements not entirely consistent with the medical evidence and other evidence in the record, the ALJ made the following statement, "[a]s for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because the claimant can work in a wide range of jobs." (Tr. 20). While the ALJ may reasonably consider Plaintiff's past work and ability to work, the ALJ did not explain this conclusion that Plaintiff can work "a wide range of jobs." (Tr. 20).

After leaving the military, Plaintiff worked as a lube tech for over a year. (Tr. 38-39). He then took a job as a service writer but could not handle the organizational requirements, focus, and interactions with customers that this position required. (Tr. 39, 41). Plaintiff then found employment selling motorcycles, but he did not have a valid driver's license so he could not go for test rides with the customers. (Tr. 41-42). The company moved him to a clerical job, but again he failed to keep up with the paperwork, maintain focus, and he "mess[ed] up again." (Tr. 42). He quit that job because he was failing. (Tr. 42). From his testimony, Plaintiff apparently could handle only one job successfully after his military service as a lube tech. Indeed, the ALJ acknowledged later in the decision that Plaintiff "performed his job as a lube tech. He has been unable to hold other jobs because of their skill nature and the requirement that he deal with others on a frequent or constant nature." (Tr. 22).

The Commissioner claims the ALJ's statement references the vocational expert's testimony that a person with Plaintiff's limitations could perform the jobs of inspector – batteries, laundry sorter, and folder, an allegedly wide range of jobs. (Doc. 21, p. 22). Based on the placement of the ALJ's conclusion that Plaintiff is capable of performing "a wide range of jobs" directly after determining Plaintiff's statements not consistent with the evidence of record, the Court finds the Commissioner's argument amounts to no more than mere supposition and does not rise to a clearly articulated finding. From a review of the record as a whole,

substantial evidence does not support the ALJ's statement that Plaintiff is capable of performing "a wide range of jobs." (Tr. 20).

After making the subjective complaint finding, the ALJ summarized the medical evidence of record. (Tr. 20-21). The ALJ noted that the Veterans Administration granted Plaintiff 100% service connection disability. (Tr. 20).[2] The ALJ then summarized the opinion of consultative examiner, Martha Pollock, M.D., who conducted an examination on March 22, 2019. The ALJ noted that Dr. Pollock found Plaintiff had no problems walking and standing because of knee or back pain. (Tr. 21, 939-40). The ALJ also noted that other than difficulty heal and toe walking, Dr. Pollock found the rest of Plaintiff's physical examination was essentially unremarkable, including range of motion and motor strength. (Tr. 21, 939-40).

Although Dr. Pollock's opinion is consistent with the ALJ's subjective complaint finding, the ALJ later found Dr. Pollock's opinion "non-persuasive because diagnostic test[ing] reveal[s] a disorder of the knee and right shoulder issue that would support reaching and climbing limitations." (Tr. 22). By this unpersuasive finding, the Court cannot determine what portions, if any, of Dr. Pollock's opinion the ALJ found persuasive, especially as to the two areas where Plaintiff complained of pain, in the knee and shoulder. In that same vein, the ALJ found physical

---

[2] Plaintiff served in the U.S. Marine Corps from 2000 through 2012, and had two deployments to Iraq and two deployments to Afghanistan. (Tr. 36).

consultant Steven Arkin's opinion "unpersuasive because the medical record reveals reaching limitations associated with his right shoulder." (Tr. 22). Again, the right shoulder is one area that Plaintiff reported pain. In fact, the ALJ found all the medical providers' opinions unpersuasive, except one.

The ALJ found only consultative mental examiner Valerie Acosta Alicea, Psy.D.'s opinion persuasive "because it is consistent with the medical record." (Tr. 22). In summarizing Dr. Acosta Alicea's evaluation, the ALJ noted that she found Plaintiff had severe PTSD and cannabis related disorder. (Tr. 22, 934-36). The ALJ also noted the Dr. Acosta Alicea found Plaintiff had social functioning limitations, and "PTSD limit[ations]" but that he had sufficient mental abilities to manage his own funds. (Tr. 22, 934-36).

In her evaluation, Dr. Acosta Alicea noted that Plaintiff was diagnosed with PTSD in 2012, received psychological therapy, and psychiatric treatment periodically between 2012 and 2018 through the VA. (Tr. 935). He was prescribed medication but discontinued it in October 2018 because he found it was not working. (Tr. 935). After returning from the deployments, Plaintiff reported nightmares every night, flashbacks, and concentration problems. (Tr. 935). He believed he relives the experiences from the deployments and felt frustrated, overwhelmed, confused, always on alert, and could not keep his mind from thinking of these things. (Tr. 935). Plaintiff admitted to getting easily frustrated and angry, having sleeping problems,

and loss of appetite. (Tr. 935). He acknowledged that he was struggling to fit into civilian life after he left the military. (Tr. 935).

Dr. Acosta Alicea found Plaintiff's current mental status: alert, and oriented to time, place, person, and purpose of the evaluation; cooperative; compliant, appropriate eye contact; mood was neutral and congruent affect; speech was logical and coherent and of normal tone; language seemed average; attention and concentration adequate; no significant impairment in recent memory; and insight, judgment, and impulse control adequate during the examination. (Tr. 935-36). Dr. Acosta Alicea also found Plaintiff's social functioning ability to be guarded based on reports of periods of irritability. (Tr. 936). She further found his functional ability is limited based on reported history of PTSD, nightmares, flashbacks, and irritated mood. (Tr. 936).

At the hearing, Plaintiff testified that he had problems with organization, remembering customers and things, taking notes, and being tactful to customers. (Tr. 41, 50). He did not have the organizational skills needed for jobs and could not stay focused on work. (Tr. 50). He had daydreams or nightmares when at work, as if he were not mentally present. (Tr. 50-51). He also got frustrated and lashed out. (Tr. 51).

These subjective complaints align with Dr. Acosta Alicea's social functioning and functional ability findings, which the ALJ found persuasive. The ALJ

acknowledged that Plaintiff complained of ongoing problems focusing and concentrating, and mental organizational skills. (Tr. 21). And Dr. Acosta Alicea found based on Plaintiff's PTSD that his social functioning is guarded due to irritability and his functional ability to be limited based on his PTSD, nightmares, flashbacks, and irritable moods.[3]

In sum, the ALJ found unpersuasive the majority of medical provider's opinions and by doing so, the Court cannot determine what portions, if any, of these unpersuasive opinions the ALJ relied to find Plaintiff's subjective complaints unsupported by the medical records in evidence. And the only opinion the ALJ found persuasive, Dr. Acosta Alecia's evaluation, appears consistent with Plaintiff's subjective complaints concerning his mental limitations especially as to his PTSD complaints. For these reasons, the Court finds that when considering the evidence as a whole, the ALJ's determination that Plaintiff's subjective complaints were not entirely consistent with the medical evidence and other evidence of record is not supported by substantial evidence.

### III. Conclusion

The decision of the Commissioner is **REVERSED,** and this action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner

---

[3] The ALJ also found mental consultant Thomas Conger, Ph.D.'s opinion unpersuasive "because when considering the combined effect of all the claimant's mental impairments, greater concentration and maintaining pace limitations are warranted." (Tr. 22).

to reconsider Plaintiff's subjective symptoms in conjunction with the other evidence of record. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and thereafter close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 28, 2021.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties